**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN M. KURZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-310 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the United States of America's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Pro se plaintiff John M. Kurz opposes the motion and it is fully briefed. For the following reasons, the motion to dismiss will be granted.

**I.     Background**

Plaintiff seeks a permanent injunction to prevent the Internal Revenue Service ("IRS") from garnishing his wages and issuing levies on his bank accounts to collect unpaid federal income taxes. (Doc. 1). Plaintiff alleges the government is in contempt of a United States Tax Court Order of Dismissal for Lack of Jurisdiction (the "Order"), issued on July 20, 2018, and attached as Exhibit A to plaintiff's complaint. (Doc. 1-1). The Order relates to a petition plaintiff filed in the United States Tax Court ("Tax Court") on January 18, 2018 where he sought a re-determination of income tax owed for years 2000 to 2017. Plaintiff alleges that the Order prohibits the IRS from proceeding with collection activities for lack of jurisdiction because it failed to issue him notices of deficiency or determination for the relevant tax years in accordance with the IRS notice provisions of 26 U.S.C. §§ 6212 and 6213.

1

In response, the government argues that plaintiff misunderstands the content of the two-page Order. The government summarizes the relevant portions of the Order as follows: (1) the Tax Court is a court of limited jurisdiction which only has authority to issue an opinion regarding a tax deficiency when the petition is filed within 30 to 150 days after the IRS mails a notice of deficiency to the taxpayer; and (2) petitioner, plaintiff here, did not object to dismissal on the ground that no notice of deficiency or determination had been sent by the IRS to petitioner for the 2000 to 2017 taxable years. The government contends that plaintiff confuses the Order's discussion of relevant jurisdictional time frames within which a taxpayer may petition the Tax Court under 26 U.S.C. §§ 6213(a) and 6330(e)(1) with the notion that the IRS did not timely issue him notices of deficiency and now does not have jurisdiction to collect unpaid income taxes from plaintiff.

As to the specific tax years in question, the government states that plaintiff does not owe any federal income tax liabilities for tax years 2000 through 2004. For tax years 2005 and 2006, the government states the IRS did issue plaintiff a notice of determination on February 2, 2009, and plaintiff pursued a Collection Due Process ("CDP") Hearing. A notice of determination from the CDP Hearing was issued on May 25, 2011, which is attached to plaintiff's complaint. (Doc. 1-3, at 5-10). The government points out that the notice of determination from the CDP hearing provided plaintiff with 30 days to appeal to the Tax Court, which he failed to do. Id. For tax years 2007 to 2016, the government states that plaintiff self-reported his tax liabilities, eliminating the need for the IRS to issue plaintiff notices of deficiency and, thus, there were no deficiency determinations to challenge in Tax Court. For tax year 2017, the government contends that when plaintiff filed his petition, tax returns for 2017 were not yet due and, thus, no income tax deficiency had been determined for the Tax Court to consider.

The government seeks dismissal of plaintiff's complaint on the basis that the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), bars plaintiff's claim for an injunction, and no exceptions to the AIA apply. Thus, the government argues this Court lacks subject matter jurisdiction over this action.

## II.     Legal Standard

The purpose of a Federal Rule of Civil Procedure 12(b)(1) motion is to allow the Court to address the threshold question of jurisdiction. See Osborn v. United States, 918 F.2d 729, 729 (8th Cir. 1990). A party challenging subject matter jurisdiction under Rule 12(b)(1) can either make a facial or factual challenge to the Court's jurisdiction. Id. at 729, n.6. When a defendant makes a facial challenge, the district court is to examine the complaint to determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction. Id. On facial challenge, a district court should accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. Id. A factual attack, on the other hand, challenges the factual basis for subject matter jurisdiction, and the court may consider matters outside the pleadings. Id. What is more, on a factual challenge, the plaintiff is not entitled to the benefit of favorable inferences from the factual statements in the complaint. Id. Courts have also recognized that the jurisdictional issue and substantive issues can be so intertwined that a full trial on the merits may be necessary to resolve the issue. Id. (quoting Crawford v. United States, 796 F.2d 924, 928 (7th Cir. 1986)).

The government makes a facial attack with respect to plaintiff's injunction claim as it relates to tax years 2005 through 2016 based on plaintiff's alleged misreading of the July 20, 2018 Tax Court Order, which plaintiff attached to his complaint as part of the pleadings. The government makes a factual attack with respect to plaintiff's injunction claim as it relates to tax year 2017, arguing that his Tax Court petition was filed before tax returns for 2017 were due and,

thus, plaintiff had not been assessed any liability for that year at that time. To support this factual attack, the government attached to its motion to dismiss a Declaration of Jessica Nolan, Senior Attorney for the IRS. (Doc. 13-1).

## III.    Discussion

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (internal quotations and citation omitted). The Anti-Injunction Act provides that unless a taxpayer can prove he qualifies for a statutory exception, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7241. "The courts have repeatedly recognized that the [AIA] generally prohibits injunctions against any and all acts necessary or incidental to the assessment or collection of taxes, as well as against the specific acts of assessment and collection themselves." Davis v. United States Gov't, 2007 WL 1847190, at *1 (W.D. Mo. June 25, 2007) (quoting Nichols v. United States, 1995 WL 835041, at *2 (W.D. Mo. Dec 18, 1995)). "Unless one seeking to enjoin the Internal Revenue Service brings himself within a statutorily or judicially created exception to section 7421(a), the district court has no jurisdiction and the suit for injunction is barred." Wagner v. Wicker, 1980 WL 1594, at *1 (E.D. Mo. Mar. 10, 1980).

Plaintiff does not allege that he meets any statutory exceptions to the AIA. Additionally, plaintiff's reply to the government's motion to dismiss reflects a misunderstanding of the July 20, 2018 Tax Court Order. The Order outlines the specific time frames that a taxpayer must file a petition for re-determination of a tax deficiency, i.e., 90 days after the notice of deficiency is mailed to an individual living in the United States, 150 days after the notice of deficiency is mailed to an

individual living outside the United States, or 30 days after the issuance of a valid notice of determination by the IRS Office of Appeals. (Doc. 1-1 at 1-2) (citing 26 §§ 6213(a), 6330(d)(1)). If the petition is filed after the applicable time frames, the Tax Court does not have jurisdiction over the petition. Id. After reviewing the record, the Tax Court dismissed plaintiff's petition "for lack of jurisdiction on the ground that no notice of deficiency or determination had been sent to petitioner within 150 or 30 days, respectively, for the 2000 through 2017 taxable years." (Doc. 1-1, at 2). Contrary to plaintiff's argument, the Tax Court Order does not state that the IRS lacks jurisdiction to collect unpaid federal income taxes from plaintiff or that the Tax Court improperly failed to send notices of deficiency. Instead, the Tax Court was explaining that it could not address plaintiff's petition on its merits because the Tax Court did not have jurisdiction over an untimely petition or a petition where there was no notice of deficiency or determination.

Plaintiff has failed to establish that a statutory exception to the AIA exists in this matter. The purpose of the AIA is to withdraw state and federal court jurisdiction over suits seeking injunctions barring the collection of federal taxes. J.L. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 5–6 (1962). Consequently, this Court lacks subject matter jurisdiction to grant the injunctive relief plaintiff requests and will dismiss plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) filed by defendant United States of America is **GRANTED**. [Doc. 8].

**IT IS FURTHER ORDERED** that plaintiff's motion and affidavit for emergency order is **DENIED as moot**. [Doc. 4]

**IT IS FURTHER ORDERED** that plaintiff's motion for an evidentiary hearing and discovery is **DENIED as moot**.  [Doc. 34]

An appropriate order of dismissal will accompany this Memorandum and Order.


                                                                            
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this __13th__ day of August, 2019.