# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN M. KURZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-310 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on plaintiff John M. Kurz's pro se Motion to Alter or Amend Court Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Doc. 43. In his motion, plaintiff requests that this Court reconsider its August 13, 2019 Memorandum and Order granting the government's motion to dismiss for lack of subject matter jurisdiction. (Docs. 37, 38). The government opposes the motion and it is fully briefed. For the following reasons, plaintiff's motion will be denied.

This Court has broad discretion in deciding whether to grant a motion under Rule 59(e). Innovative Home Health Care, Inc. v. P.T .O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, 141 F.3d at 1286 (internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of

judgment." United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care, 141 F.3d at 1286)).

Plaintiff has not shown he is entitled to relief pursuant to Rule 59(e) as he has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law. Plaintiff argues that the failure of the Court to notice his citation to the Anti-Injunction Act exception of 26 U.S.C. § 6213(a) was "clear error." Doc. 44 at 2. Contrary to this assertion, the Court did consider that exception, but determined plaintiff "failed to establish that a statutory exception to the [Anti-Injunction Act] exists in this matter." Doc. 37 at 5. The Court referenced 26 U.S.C. § 6213(a) in the Order dismissing this case for lack of subject matter jurisdiction. Id. The crux of plaintiff's argument was that he never received notices of deficiency from the IRS and, as a result, could circumvent the Anti-Injunction Act and bring this action to this Court. The Court found this argument was flawed because it was based on plaintiff's misreading of a Tax Court Order. Id. at 4-5. Thus, plaintiff did not meet an exception to the Anti-Injunction Act.

Plaintiff further argues he "only became fully aware after the 13 August 2019 dismissal of his case, of the repeated falsification by IRS of digital and documentary records" and "the existence of the equitable exception to the AIA bar identified in *Enoch's Packing*." Doc. 44 at 2. The case plaintiff cites, Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962), was included in his opposition briefing and brought to the Court's attention prior to the entry of judgment. Doc. 24 at 6-7. Thus, plaintiff's argument that he did not know about the content of a case he cited in his opposition is not grounds for reconsideration or to otherwise set aside the judgment.

As to plaintiff's reference to alleged IRS falsification of records, he seeks to introduce a Declaration and Forensic Analysis of Evidence (the "Declaration") written by Mr. Robert McNeil,

a retired forensic accountant/auditor located in Hurst, Texas, and dated September 8, 2019. The Declaration purports to offer the following conclusions: (1) the Commissioner of the IRS "circumvents his conceded lack of authority to perform Substitute income tax returns by making his records appear that he performed them;" (2) "the IRS creates the false appearance of 'deficiencies;'" (3) the "creation of pretended deficiencies creates, by fraud, the appearance of a duty to file;" (4) "without the appearance of deficiencies created by fraud, involving both IRS falsified and digital documentary records, there would be no willful failure to file a return;" and (5) "Congress did not, in fact, impose any duty upon Americans to file income tax returns." Doc. 44-3. The Declaration includes four exhibits, including two sets of IRS account transcripts which were previously introduced into the record and two letters from the IRS, dated September 17, 2013 and July 6, 2016, in response to Freedom of Information Act requests specific to *Mr. McNeil's income taxes*, not plaintiff's income taxes. Id.

The Declaration was created almost a month after the Court's Order dismissing the case, the exhibit letters are dated over six and three years ago, and neither the Declaration nor the exhibits contain any information that would not have been available at the time plaintiff filed his opposition to the government's motion to dismiss. "Motions for reconsideration cannot be used to introduce new evidence that could have been produced while the summary judgment motion was pending." Chism v. W.R. Grace & Co., 158 F.3d 988, 992 n. 4 (8th Cir. 1998) (citing Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)). " Thus, the Declaration is not grounds for reconsideration or to otherwise set aside the judgment.

The arguments plaintiff makes in his Rule 59(e) Motion to Alter or Amend Court Judgment do not provide grounds for relief from the judgment. Plaintiff has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff John M. Kurz's Rule 59(e) Motion to Alter or Amend Court Judgment is **DENIED**. [Doc. 43]

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __15th__ day of October, 2019.