UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN M. KURZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-310 CAS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This closed civil matter is before the Court on a post-judgment Rule 60(b)(3) motion to set aside judgment due to fraud on the court and unclean hands filed by self-represented litigant John M. Kurz. Doc. 57. The government opposes the motion and Mr. Kurz filed a reply. For the following reasons, the motion will be denied.

**I.     Background**

Mr. Kurz filed this action on February 25, 2019 requesting the Court issue a permanent injunction to prevent the Internal Revenue Service ("IRS") from garnishing his wages and issuing levies on his bank accounts to collect thirteen years of unpaid federal income taxes. Doc. 1. Plaintiff alleged the government was in contempt of a July 20, 2018 United States Tax Court Order of Dismissal for Lack of Jurisdiction (the "Tax Court Order"). The Tax Court Order related to a petition plaintiff filed in the United States Tax Court on January 18, 2018 where Mr. Kurz sought a re-determination of income tax owed for the years 2000 to 2017. Plaintiff alleged that the Tax Court Order prohibited the IRS from proceeding with collection activities for lack of jurisdiction because it failed to issue him notices of deficiency or determination for the relevant tax years in accordance with the IRS notice provisions of 26 U.S.C. §§ 6212 and 6213.

1

On May 3, 2019, the government filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P. The government argued plaintiff misunderstood the content of the Tax Court Order by confusing the relevant jurisdictional time frames within which a taxpayer may petition the Tax Court under 26 U.S.C. §§ 6213(a) and 6330(e)(1) with the notion that because the IRS did not issue him notices of deficiency it did not have jurisdiction to collect unpaid income taxes. The government sought dismissal of plaintiff's complaint on the basis that the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), barred a claim for an injunction and no exceptions to the AIA applied.

On August 13, 2019 the Court granted the government's motion to dismiss for lack of subject matter jurisdiction on the basis that plaintiff failed to establish a statutory exception to the AIA, which would permit him to bring a suit against the government as a taxpayer seeking to restrain the collection of a tax. Doc. 37. The Court also addressed Mr. Kurz's argument that the Tax Court Order prohibited the IRS from collecting unpaid federal income taxes:

> Contrary to plaintiff's argument, the Tax Court Order does not state that the IRS lacks jurisdiction to collect unpaid federal income taxes from plaintiff or that the Tax Court improperly failed to send notices of deficiency. Instead, the Tax Court was explaining that it could not address plaintiff's petition on its merits because the Tax Court did not have jurisdiction over an untimely petition or a petition where there was no notice of deficiency or determination.

Doc. 37 at 5.

On September 10, 2019, Mr. Kurz filed a Rule 59(e) motion to alter or amend court judgment. Doc. 43. To support his motion, Mr. Kurz argued that the Court failed to notice his citation to the AIA exception of 26 U.S.C. § 6213(a) and he "only became fully aware after the 13 August 2019 dismissal of his case, of the repeated falsification by IRS of digital and documentary records" and "the existence of the equitable exception to the AIA bar identified in *Enoch's Packing* [Enochs v. Williams Packing & Navigation Co., 370 U.S. 1 (1962)]." Doc. 44 at 2. Mr. Kurz

2

attached to his motion a Declaration and Forensic Analysis of Evidence (the "Declaration") written by Mr. Robert McNeil, a retired forensic accountant/auditor, who concluded among other things that Congress did not impose a duty upon Americans to file income tax returns. Doc. 44-3. Mr. Kurz's motion was denied for the following reasons: (1) the Court did consider plaintiff's citation to the AIA exception of 26 U.S.C. § 6213(a), but found the exception was not applicable; (2) plaintiff's argument that he did not know about the content of a case he cited in his opposition was not grounds to set aside the Court's judgment; and (3) motions for reconsideration cannot be used to introduce new evidence, such as Mr. Neil's report. Doc. 55.

On December 6, 2019 Mr. Kurz filed the instant post-judgment Rule 60(b)(3) motion to set aside judgment due to fraud on the court and unclean hands. Doc. 57. Mr. Kurz presents four arguments: (1) "the IRS falsified digital and paper records to justify theft of [his] property;" (2) Richard Zuckerman, the Principal Deputy Assistant Attorney General of the Tax Division, is obstructing justice by "concealing and using the fruit of the largest falsification program ever run by the Government," (3) "the Unclean Hands Doctrine mandates courts refuse relief to the Government;" and (4) "district judges are fully involved in enabling and concealing the executive branch program" by "ignoring all evidence" and "offering specious technical legal arguments to obstruct the just outcome of income-tax related cases . . . relying on the knowledge that Circuit judges will, in turn, ratify any district court holding denying substantive justice." Doc. 57.

## II. Legal Standard

Rule 60(b) authorizes relief from a final judgment based only on enumerated circumstances. "It is not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v.

Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984).

Rule 60(b)(3) allows a court to grant relief from a final judgment because of "fraud[,] . . . misrepresentation, or misconduct by an opposing party[.]" "To prevail on a motion under Rule 60(b)(3), the movant must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case." Box v. Bollinger, No. 1:02CV105 JAR, 2014 WL 2197755, at *2 (E.D. Mo. May 27, 2014) (citing Atkinson v. Prudential Prop. Co., Inc., 43 F.3d 367, 372–73 (8th Cir. 1994)).

### III. Discussion

Mr. Kurz's Rule 60(b)(3) motion alleges that the government's legal arguments in its motion to dismiss for lack of subject matter jurisdiction and memorandum in response to Mr. Kurz's motion for reconsideration perpetrated a "fraud" upon the Court by reducing Mr. Kurz to a "standard tax-defier." Mr. Kurz further argues that the Court itself is enabling and supporting the fraud by offering its own "specious technical legal arguments to obstruct the just outcome of income-tax related cases." Mr. Kurz also alleges that it is the practice of the government to falsify tax documents. In support of his Rule 60(b)(3) motion, Mr. Kurz attaches a second "Declaration of Forensic Accountant Robert A. McNeil."[1] Doc. 57-2.

Mr. Kurz's arguments and assertions simply do not offer a legitimate basis for a finding that the government perpetrated a fraud on the Court to justify setting aside judgment. To the contrary, Mr. Kurz's motion is essentially a reargument on the merits of his case which was

---

[1] As previously stated, the Court declined to consider Mr. McNeil's first Declaration attached to Mr. Kurz's motion for reconsideration because the introduction of new evidence, which could have been reasonably raised earlier in the litigation, was not appropriate. Doc. 55.

4

dismissed for lack of subject matter jurisdiction and denied reconsideration. Docs. 37, 55. See Broadway, 193 F.3d at 990 (a Rule 60(b)(3) motion "is not a vehicle for simple reargument on the merits."). Mr. Kurz's primary argument, that the IRS committed fraud by completing tax returns on plaintiff's behalf via a computer software program, is frivolous and legally unsupportable. See Ellis v. Jackson, 2017 WL 9565850, at *5 (D.D.C. Nov. 1, 2017) (an allegation that non-filers are illegally assessed income taxes is "attenuated and unsubstantial so as to be absolutely devoid of merit.") (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

Moreover, plaintiff's argument that the Court itself is perpetrating a fraud against him, as a self-represented litigant, because it is aware of and assisting the IRS to commit fraud, is nonsensical and wholly unsupported by any actual evidence. See, e.g., United States v. Ford, 2019 WL 2297295, at *2 (E.D. Cal. May 30, 2019) (denying Rule 60(b)(3) motion and finding attached declaration of Robert McNeil to be devoid of any facts to support a claim that the government has relied upon or created false documents). None of the matters asserted by Mr. Kurz, including the second McNeil Declaration, show with clear and convincing evidence that the government engaged in fraud or misrepresentation that prevented Mr. Kurz from fully and fairly presenting his case. Thus, Mr. Kurz's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the post-judgment Rule 60(b)(3) motion to set aside judgment due to fraud on the court and unclean hands filed by self-represented plaintiff John M. Kurz is **DENIED**. [Doc. 57].

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   6th   day of January, 2020.